IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM M. KRAUSE, JR.** | * | |
| | * | |
| v. | * | Civil Case No. GLR-16-2530 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment and Mr. Krause's reply. [ECF Nos. 25, 26, 27]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part pursuant to sentence four, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Mr. Krause filed his application for Disability Insurance Benefits ("DIB") in November, 2014, alleging a disability onset date of September 15, 2014.[1]  (Tr. 184-99).  His application was denied initially and on reconsideration.  (Tr. 92-102, 104-13).  An Administrative Law Judge ("ALJ") held a hearing on October 31, 2015, at which Mr. Krause testified and was represented by counsel.  (Tr. 68-91).  Following the hearing, the ALJ determined that Mr. Krause was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 51-67).  The Appeals Council ("AC") denied Mr. Krause's request for review, (Tr. 2-8), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Krause suffered from the severe impairments of "coronary artery disease, history of myocardial infarction, diabetes mellitus with neuropathy, and obesity."  (Tr. 56).  Despite this impairment, the ALJ determined that Mr. Krause retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a). The claimant is able to climb ramps, stairs, ladders, ropes, or scaffolds occasionally. The claimant is able to balance, stoop, kneel, crouch, and crawl occasionally. The claimant is able to perform frequent handling and fingering bilaterally. The claimant should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibration, irritants such as fumes, odors, dust, gases, and poorly ventilated areas, and the operational control of moving machinery and unprotected heights.

(Tr. 57).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Krause could perform work existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 60-62).

Mr. Krause raises four primary arguments on appeal: (1) that the ALJ failed to find Mr. Krause's alleged major depression to be a severe impairment; (2) that the ALJ lacked sufficient evidence to support his RFC assessment; (3) that the ALJ failed to properly evaluate Mr.

---

[1] I note that Mr. Krause appended several copies of his DIB application to the record, including online and hard copy submissions.  *See* (Tr. 184-99).

Krause's credibility; and (4) that the AC erroneously declined to remand the case for new and material evidence. I agree that the ALJ failed to evaluate Mr. Krause's depression at Step Two. Accordingly, I recommend remand for additional explanation. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Krause is not entitled to benefits is correct or incorrect.

First, Mr. Krause contends that the ALJ failed to consider his "major depression" at Step Two.  Pl. Mot. 10-12.  An ALJ is required to discuss each diagnosis that is supported by objective medical evidence in the claimant's record. *See Boston v. Barnhart*, 332 F. Supp. 2d 879, 885 (D. Md. 2004); *Albert v. Astrue*, 2011 WL 3417109, at *2 (D. Md. July 29, 2011). In this case, on December 19, 2012, a consultative psychologist, Dr. David O'Connell, diagnosed Mr. Krause with major depressive disorder.  (Tr. 405-06).  Notably, Dr. O'Connell noted that Mr. Krause reported ongoing suicidal thoughts, (Tr. 406),  observed that Mr. Krause's affect was appropriate to ideation with constricted range, (Tr. 405), and assigned Mr. Krause a GAF score of 35, (Tr. 406).  However, the ALJ did not evaluate Mr. Krause's mental diagnosis at Step Two. This Court has held that an ALJ's failure to consider the severity of a diagnosis at Step Two is harmless where the ALJ corrects his or her error by "fully consider[ing] the impact" of the neglected evidence when determining the claimant's RFC. *See Burroughs v. Comm'r, Soc. Sec. Admin.*, 2015 WL 540719, at *1 (D. Md. Feb. 9, 2015).  However, the ALJ did not consider the impact of Mr. Krause's mental issues anywhere in his RFC assessment. The ALJ is required to consider all of a claimant's impairments, both severe and non-severe, in assessing the claimant's RFC.  *See* 20 C.F.R. § 404.1545(a)(2).  The ALJ did not address Mr. Krause's alleged mental impairments, either to make credibility findings regarding those allegations or to make any reference to the medical records from Dr. O'Connell. Accordingly, the ALJ entirely failed to

consider Mr. Krause's mental diagnosis, and remand is required as a result. *See Copes v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-14-3010, 2015 WL 9412521, at *2 (D. Md. Dec. 21, 2015).

Turning to the unsuccessful arguments, Mr. Krause next argues that the ALJ erred in his RFC assessment. Pl. Mot. 12-15.  Specifically, Mr. Krause contends that the ALJ improperly determined that he was able to perform sedentary work.[2] *Id*.  Contrary to Mr. Krause's assertion, the ALJ properly determined that Mr. Krause was able to perform sedentary work, and supported his conclusions with substantial evidence. Most significantly, the ALJ noted that "[Mr. Krause's] allegations regarding the limiting effects of his alleged conditions are not fully credible." (Tr. 60).  For example, the ALJ noted that Mr. Krause was "able to lift twenty pounds frequently and carry twenty pounds occasionally," (Tr. 59), was able to "perform everyday activities," (Tr. 60), and had "normal" reflexes and "5/5 strength in his upper and lower extremities," *id*. The ALJ also noted Dr. Cotton's determination that "[Mr. Krause's] angina appears stable," that "[his] extremities were without clubbing, cyanosis, or edema," and that he "was in no acute distress." (Tr. 59).  Moreover, the ALJ cited Dr. Boatwright's finding that Mr. Krause could "climb stairs and ramps, balance, stoop, and crouch occasionally," and "operate a motor vehicle,"  (Tr. 59). Accordingly, the ALJ found that "[w]hile [Mr. Krause's] cardiac symptoms and diabetic neuropathy limit his ability to stand and walk during a workday, the medical evidence of record and his activities of daily living indicate that he is able to perform work at the sedentary exertional level." (Tr. 60). Regardless, Mr. Krause points this Court to other records, including

---

[2] Mr. Krause also contends that the ALJ misconstrued Dr. Boatwright's opinion to support the conclusion that he could perform work at the sedentary level. Pl. Mot. 14-15.  To the contrary, the ALJ properly relied on portions of Dr. Boatwright's opinion, and other medical evidence of record, to conclude that Mr. Krause could perform work at the sedentary exertional level.  (Tr. 59-60).  The ALJ also noted portions of Dr. Boatwright's opinion that were not commensurate with such a finding, but properly limited his evaluation "to the extent that it indicates that [Mr. Krause] is able to perform work within at least the sedentary exertional level." (Tr. 59).

4

those from Dr. Boatwright, which he believes corroborate his allegations regarding his impairments. However, even in light of that other evidence, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In light of that standard and the substantial evidence the ALJ cited in support of his assessment, the RFC assessment provides no basis for remand.

Next, Mr. Krause argues that the ALJ failed to properly evaluate his credibility. Pl. Mot. 17-21. Specifically, Mr. Krause contends that the ALJ failed to properly evaluate the severity of his subjective complaints regarding his pain. *Id.* Social Security regulations provide a two-step framework for considering subjective complaints. First, the ALJ determines whether "medical signs or laboratory findings show that a medically determinable impairment(s) is present." 20 C.F.R. §§ 404.1529(b), 416.929(b). The ALJ then evaluates the intensity and persistence of the claimant's symptoms by considering the record of evidence in its entirety. *Id.* at §§ 404.1529(c), 416.929(c). In doing so, the ALJ considers the objective medical evidence, as well as other evidence including the claimant's daily activities, the frequency and intensity of pain and other symptoms, precipitating and aggravating factors, the effectiveness of medication and other treatment methods, and other factors regarding functional limitations or restrictions due to pain or other symptoms. *Id.*

Here, the ALJ properly evaluated Mr. Krause's subjective complaints. Specifically, the ALJ cited Mr. Krause's hearing testimony, and noted Mr. Krause's allegations of disabling pain, including his "difficulty walking with pain in his feet due to neuropathy." (Tr. 58) (citing (Tr. 68-91)). The ALJ also cited Mr. Krause's Adult Function Reports, and noted Mr. Krause's "difficulty squatting, bending, standing, reaching, kneeling, concentrating, and completing

tasks." *Id.* (citing (Tr. 293-301)). However, the ALJ cited multiple medical records to support his conclusion that "[Mr. Krause's] allegations regarding the limiting effects of his alleged conditions are not fully credible." (Tr. 60). Specifically, the ALJ noted that "[Mr. Krause] presented with a normal gait," and exhibited "5/5 strength in his upper and lower extremities." (Tr. 58). The ALJ also noted that Mr. Krause was "able to lift and carry ten pounds frequently," "climb stairs and ramps, balance, stoop, and crouch occasionally," and "operate a motor vehicle." (Tr. 59). Moreover, the ALJ noted Mr. Krause's testimony that "he was unable to exert himself at high levels due to angina but is able to perform everyday activities," and noted Mr. Krause's ability to care for his "personal care needs, walk his dog, clean, drive, and grocery shop." (Tr. 60) (citing (Tr. 293-301, 803-04)). While Mr. Krause correctly notes that his ability to perform these activities is not determinative of his ability to sustain work in an 8-hour workday, the ALJ properly considered them in the evaluation of Mr. Krause's credibility. Accordingly, the ALJ found that Mr. Krause's allegations were not fully credible. While Mr. Krause disagrees with the ALJ's finding, it is clear that the ALJ reviewed all of the evidence of record in weighing Mr. Krause's credibility and addressed the evidence pursuant to the applicable Social Security regulations.

Finally, Mr. Krause argues that the AC erroneously declined to remand the case for new and material evidence. Pl. Mot. 8-9. Specifically, Mr. Krause contends that the AC failed to consider hospitalization records from December 2015 documenting Mr. Krause's "suicide attempt from acute Tylenol overdose." *Id.* The AC is required to consider additional evidence submitted by a claimant only where it is (1) new, (2) material, and (3) relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R. §§ 404.970(b); 416.1470(b). Evidence is new where "it is not duplicative or cumulative[,]" and is material where there is "a reasonable

possibility that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs*., 953 F.2d 93, 96 (4th Cir. 1991) (en banc)). Moreover, "[m]aterial evidence is evidence that relates to the claimant's condition for the time period for which benefits were denied, and not to after-acquired conditions or post-decision deterioration of a pre-existing condition." *Eidoen v. Apfel*, 221 F.3d 1342 (8th Cir. 2000). "[T]he regulatory scheme does not require the [AC] to do anything more than…'consider new and material evidence…in deciding whether to grant review.'" *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation where it denies review. *Id*. In this case, Mr. Krause concedes that he submitted evidence that was dated after the date of the ALJ's decision. Pl. Mot. 9. Indeed, the AC decision specified that it had considered the hospitalization records, in addition to the other new records submitted at the appellate level, but concluded that the additional evidence was "about a later time" and "[t]herefore, it [did] not affect the decision about whether [he] [was] disabled[.]" (Tr. 3). Accordingly, the AC fulfilled its legal obligation to consider the evidence in deciding whether to grant review. Presumably, however, the evidence of the 2015 hospitalization will be considered along with Mr. Krause's other mental health records on remand.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 26];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 25];

3. the Court REVERSE in part the Commissioner's decision under sentence four; and

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  January 25, 2016                                      /s/
                                                     Stephanie A. Gallagher
                                                     United States Magistrate Judge